IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHERYL C. KLAASS, | ) |
| Plaintiff, | ) Case No. 2:04-CV-755BSJ |
| v. | ) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) **MEMORANDUM DECISION AND ORDER** |
| Defendant. | ) |

Before the Court is Plaintiff's request that this Court reverse the final agency decision by the Commissioner of Social Security, which denied her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. See 42 U.S.C. §§ 401-433 (2005). Defendant argues that Plaintiff's application was denied because the Administrative Law Judge ("ALJ") found that although Plaintiff is unable to return to her past relevant work, she is capable of making an adjustment to work that exists in significant numbers in the national economy, and therefore is not disabled. Plaintiff challenges the ALJ's decision by arguing that it is not supported by substantial evidence and is legally erroneous.

Having considered the parties' memoranda, oral arguments, and the relevant law, the Court finds that the ALJ's decision is supported by substantial evidence and free of legal error.

## BACKGROUND

Plaintiff applied for DIB in November 2001, alleging disability from January 15, 1999 (Tr. 78-80). Plaintiff's claim was denied at the initial and reconsideration levels of administrative review (Tr. 54, 55, 58-60, 63-66). At Plaintiff's request, an ALJ heard the case on February 24, 2004 (Tr. 57, 331-383).

In a June 2, 2004 decision, the ALJ denied Plaintiff's claim, finding that although Plaintiff could not return to her past relevant work, Plaintiff was able to perform a significant number of jobs that exist in the national economy (Tr. 9-22). The Appeals Council denied Plaintiff's subsequent request for review (Tr. 5-7), making the ALJ's decision the Commissioner's final decision. See 20 C.F.R. § 404.981. On September 18, 2004, Plaintiff filed this action seeking review of the ALJ's decision (Doc. No. 1).

## STANDARD OF REVIEW

The Court reviews the Commissioner's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). The findings of the Commissioner, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. 405(g) (2005).

"Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2003); see also Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003; qualls v. Apfel, 206 F.3d 1368, 1371 (10th Cir. 2000). "'Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion.'" Grogan, 399 F.3d at 1261-1262 (quoting Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992)); see also O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994) ("Evidence is insubstantial if it is overwhelmingly contradicted by other evidence."); Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992) ("A finding of 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'") (Citations omitted.)).

In conducting its review, a court must "examine the record closely to determine whether substantial evidence supports" the Commissioner's decision. Winfrey v. Chater, 92 F.3d 1017, 1019 (10th Cir. 1996). However, a court may "'neither reweigh the evidence nor substitute [its] judgment for that of the agency.'" White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001) (citation omitted); see also Grogan, 399 F.3d at 1262 (noting that although the court does not reweigh the evidence, it must meticulously examine the record as a whole to determine if the substantiality test has been met).

The Court's review also extends to determining whether the Commissioner applied the correct legal standards. See Qualls, 206 F.3d at 1371. Reversal may be appropriate where the Commissioner uses the wrong legal standards or the Commissioner fails to demonstrate reliance on the correct legal standards. See Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993); Andrae v. Secr'y of Health and Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993).

## ANALYSIS

Plaintiff makes the following four arguments to the Court: (1) the ALJ erred in evaluating whether Plaintiff's impairments met or equaled a listed impairment; (2) the ALJ erred in failing to give sufficient weight to Plaintiff's treating physician's opinion; (3) the ALJ erred in finding Plaintiff could perform other work; and (4) the Appeals Council erred in not considering new evidence presented to it for the first time. The Court addresses these arguments in turn.

### A. Whether Plaintiff's Impairments Met or Equaled a Listed Impairment

Plaintiff's first argument challenges the ALJ's determination at step three of the statutory five-step disability analysis that Plaintiff's impairments did not meet or equal a listed impairment.

Specifically, Plaintiff challenges the ALJ's finding by arguing that Plaintiff's seizure disorder met the criteria of Listing 11.03.[1]

At step three, the claimant has the burden of demonstrating through medical evidence that her impairments "meet all of the specified medical criteria" contained in a particular listing. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). When and ALJ finds that an impairment does not meet all of the listing criteria, the ALJ is required to discuss the evidence and explain the finding that the claimant is not disabled at step three. See Clifton v. Chater, 79 F. 3d 1007, 1009 (10th Cir. 1996). "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence. Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Id. At 1009-10 (citation omitted); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (The ALJ is charged with carefully considering all the evidence.").

The ALJ noted significant evidence indicating Plaintiff's seizures did not equal the listing including that her subjective testimony was contradicted by objective medical evidence and her own daily activities (Tr. 16-17). For example, Plaintiff's nocturnal seizures occurred only about once a month and lasted only a minute without any postictal manifestations or interference with daytime activity (Tr. 178, 184, 197, 206, 272, 274, 281, 323). Moreover, although Plaintiff testified that she was having seizures once a week leaving her debilitated the rest of the next day,

---

[1] Section 11.03 requires nonconvulsive epilepsy (petit mal, psychomotor, or focal), documented by detailed description of a typical seizure pattern, including all associated phenomena, **occurring more frequently than once weekly** in spite of at least three months of prescribed treatment, with alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day. See 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.03 (2004) (emphasis added).

4

these complaints were not substantiated by Plaintiff with any objective evidence in the medical record. Plaintiff never reported to a medical source that her nocturnal seizures resulted in significant interference in her activity during the day. Even after Plaintiff complained to Dr. Chung of an increase in the frequency of her seizures to two to three times per month, she still did not report to him having any problems that significantly interfered with her activity during the day following a seizure (Tr. 316). See Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990), 908 F.2d at 587 (10th Cir. 1990) (stating that medical records must be consistent with nonmedical testimony as to the severity of a claimant's symptoms). Also, Plaintiff engaged in numerous and extensive daily activities despite her periodic seizure activity including getting married, volunteering at her church, taking classes, socializing, pursuing an art hobby, driving her own car, running errands, shopping, exercising, doing housework, sewing, and cooking (Tr. 90, 105, 107, 108, 194, 260, 261).

Thus, because the evidence shows that Plaintiff has not satisfied her burden showing all the listing criteria are met, and because the ALJ indicated that he had considered the listing and evidence related thereto in his analysis, the Court rejects Plaintiff's argument.

**B. Whether the ALJ Properly Evaluated Plaintiff's Treating Physician's Opinion**

Next Plaintiff challenges the ALJ's treatment of the December 2003 opinion of Dr. Constantino, that Plaintiff was unable to drive or maintain employment and was incapable of even low stress jobs (Tr. 326-28).

The ALJ did not accept Dr. Constantino's opinion because "The report from the consultative psychological examiner does not demonstrate that the claimant would be unable to perform low stress work" (Tr. 189).

Plaintiff argues that the ALJ did not give specific, legitimate reasons for disregarding Dr. Constantino's opinion (File entry #8 at 60). The Court disagrees. As the ALJ noted, this opinion was inconsistent with Dr. Allen's findings that Plaintiff had no difficulties with mental status examination tasks and an average ability to pay attention, concentrate, and do simple math (Tr. 285). It was also inconsistent with Plaintiff's own admissions that she continued to drive (Tr. 281), that she had experienced nocturnal seizures once a month for many years but still worked (Tr. 184, 197, 205, 259, 272), and that she could perform lower skilled types of jobs (Tr. 194), as well as her numerous and extensive daily activities (Tr. 90, 106-08, 194, 205 260, 261, 323).

The Court also notes that Dr. Constantino's opinion amounted to an ultimate determination of disability, an issue reserved to the Commissioner. See 20 C.F.R. § 404.1527(e) (stating that medical source opinions on issues reserved to the Commissioner, such as whether a claimant is "disabled" or "unable to work," are not entitled to "any special significance").

Therefore, the Court concludes that the ALJ properly considered and discounted Dr. Constantino's opinion, and therefore rejects Plaintiff's argument.

### C. Whether the ALJ Properly Assessed Plaintiff's Residual Functional Capacity

Plaintiff challenges the ALJ's determination that Plaintiff retained the residual functional capacity to perform work at any exertional level with the following restrictions

> she must avoid a hazardous work environment, she cannot be exposed to heights, machinery, or operating automotive equipment (i.e., seizure precautions), she has mild memory problems. Her remote memory is fair, her recent memory is normal, and her immediate memory is below average. She cannot recall the names of children in her classroom. She cannot recall the names of neighbors she has lived around for a considerable period. She occasionally gets lost in the neighborhood where she lives. Her ability to concentrate and perform simple math is average. She has bright intellectual functioning. In fact, she has a verbal IQ of 115, a performance IQ of 138, and a full scale IQ of 127. Finally, due to her impairments she would miss work about 2 days per month, but no more than 24 days per year

6

(Tr. 19).

Plaintiff's argument rests on her assertion that the ALJ improperly rejected her treating physician's opinion. Because the Court has rejected Plaintiff's argument challenging the ALJ's rejection of Dr. Constantino's opinion, the Court also rejects Plaintiff's argument challenging the ALJ's residual functional capacity assessment. Moreover, the Court also finds that the ALJ properly provided an explicit function by function analysis of Plaintiff's non-exertional limitations.

### D. No Evidence Was Submitted to the Appeals Council

Finally, the Court rejects Plaintiff's final argument that the Appeals Council should have considered the evidence of the video EEG that was submitted to it for the first time. As pointed out by the Commissioner, this evidence was clearly before the ALJ (Tr. 329-330), and he discussed this medical report in his evaluation of the evidence (Tr. 18).

### CONCLUSION

For all the foregoing reasons, the Court concludes that the ALJ's decision that Plaintiff is not disabled is supported by substantial evidence and is not legally erroneous. Accordingly, Plaintiff's request for reversal or remand is DENIED and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 31 day of August, 2005.

Bruce S. Jenkins
United States District Judge

